

**NUMBERS 13-11-00093-CR & 13-11-00094-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GEORGE CANO,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

### On appeal from the 94th and the 347th District Courts of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam

Appellant, George Cano, pro se, attempted to perfect appeals from convictions for second degree felony robbery in trial court cause number 87-CR-1508-C, our cause number 13-11-00093-CR, and second degree felony burglary in trial court cause number 88-CR-991-H, our cause number 13-11-00094-CR. We dismiss the appeals for want of jurisdiction.

The judgments in these causes were signed in 1987 and 1988 respectively. Appellant filed a pro se notice of appeal in these causes on February 22, 2011. That same day, the Clerk of this Court notified appellant that it appeared that the appeals were not timely perfected. Appellant was advised that the appeals would be dismissed if the defects were not corrected within ten days from the date of receipt of the Court's directive. Appellant has not responded to the Court's directive.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West Supp. 2010); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991).

These appeals are DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of July, 2011.

3